Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,

**UNITED STATES DISTRICT COURT,**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| FLORENCE LIVENGOOD, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| LTD FINANCIAL SERVICES, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**PLAINTIFF'S COMPLAINT**

FLORENCE LIVENGOOD, through her attorneys, KROHN & MOSS, LTD., alleges the following against LTD FINANCIAL SERVICES:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Plaintiff is a natural resident in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

6. Plaintiff is a natural person residing in the city of Phoenix, county of Maricopa, state of Arizona.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business Houston, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant calls Plaintiff at her place of employment, despite being told not to call Plaintiff at her work.

13. Defendant placed calls to different departments at Plaintiff's place of employment looking for Plaintiff, despite being told not to call Plaintiff at her work.

14. Defendant is trying to collect on a credit card that was closed approximately 8 months ago and has zero balance.

15. Defendant threatened to file a lawsuit against Plaintiff, but has not done so.

16. Defendant threatened to garnish Plaintiff's wages, but has not done so.

//

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(3)* of the FDCPA by contacting third parties more than once.

   b. Defendant violated *§1692c(a)(1)* of the FDCPA by contacting Plaintiff at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00am or after 9:00 pm.

   c. Defendant violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at her job even though Defendant knew, because Plaintiff told Defendant, that Plaintiff's employer did not allow her to receive calls at work.

   d. Defendant violated *§1692c(B)* of the FDCPA by communicating with anyone other then consumer, consumer's attorney, or credit bureau concerning the debt.

   e. Defendant violated *§1692d* of the FDCPA by conducting is a matter with the natural consequence of which to harass, oppress, or abuse any person.

   f. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   g. Defendant violated *§1692e(4)* of the FDCPA threatening to garnish Plaintiff's wages even though Defendant did not intend to take such action.

   h. Defendant violated *§1692e(5)* of the FDCPA threatening to take legal action against Plaintiff even though Defendant did not intend to take such action.

   i. Defendant violated *§1692f* of the FDCPA by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt.

   j. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect any amount

not authorized by the agreement creating the debt or permitted by law.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, FLORENCE LIVENGOOD, respectfully requests judgment be entered against Defendant, LTD FINANCIAL SERVICES, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, FLORENCE LIVENGOOD, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  August 4, 2009              KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, FLORENCE LIVENGOOD, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, FLORENCE LIVENGOOD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 08-06-09                    *Florence Livengood*
                                   FLORENCE LIVENGOOD

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

PLAINTIFF'S COMPLAINT

I have suffered from the following due to, or made worse by the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES (NO)
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — YES (NO)
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — YES (NO)
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — YES (NO)
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — (YES) NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 8-06-09

_Florence Livengood_
Signed Name

_Florence Livengood_
Printed Name